PROB12C (9/14)

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WISCONSIN

### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:**   Peter Jewell-Reigel                          **Case Number:** 18-cr-146-jdp-1
Whereabouts unknown

**Name of Sentencing Judicial Officer:** Honorable James D. Peterson

**Date of Original Sentence:** March 7, 2019

**Offense:** Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1), a Class C felony

**Original Sentence:** 60 months' imprisonment, to be followed by an 8-year term of supervised release

**Type of Supervision:** Supervised release          **Date Supervision Commenced:** May 30, 2023

**Assistant U.S. Attorney:** Elizabeth Altman          **Defense Attorney:** To be determined
*(Joseph A. Bugni previously appointed)*

## PETITIONING THE COURT

☒ To issue a warrant.

The probation office alleges that Mr. Jewell-Reigel has violated the following conditions of supervision:

**Violation**                        **Nature of Noncompliance**

Standard Condition No. 1:   "Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer."

On December 14, 2023, the undersigned officer received information from Mr. Jewell-Reigel's Wisconsin Department of Corrections (WDOC) probation agent ("state agent") that Mr. Jewell-Reigel had cut off his GPS device (a requirement of the Wisconsin Sex Offender Registry Program), absconded from state supervision, and no longer had his cell phone in his possession. That day, the undersigned officer made attempts to contact Mr. Jewell-Reigel through his family after receiving that information; however, the family did not return the undersigned officer's calls. On December 18, 2023, the state agent notified the undersigned officer that the Wausau, Wisconsin, Police Department received a flock alert on December 15, 2023, indicating that Mr. Jewell-Reigel's vehicle was in Houston, Texas. (Flock cameras are pole-mounted license plate readers that capture license plate numbers of stolen vehicles or vehicles that are of interest to law enforcement.)

| | |
|---|---|
| Standard Condition No. 4: | "Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification." |

On December 18, 2023, the undersigned officer contacted Mr. Jewell-Reigel's place of part-time employment, Sportsman's Warehouse in Wausau. Sportsman's Warehouse staff advised Mr. Jewell-Reigel's employment was terminated on December 16, 2023, after he failed to show or call in for a second shift. As of the date of this petition, Mr. Jewell-Reigel has not notified the undersigned officer of his change in employment status.

| | |
|---|---|
| Special Condition No. 14: | "Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate, or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examination of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination." |

On November 29, 2023, Mr. Jewell-Reigel purchased a Sony Smart television (TV) at Best Buy in Wausau. He informed the undersigned officer of that purchase on November 30, 2023. He was verbally reprimanded for purchasing the Smart TV without prior approval and was instructed by the undersigned officer and his state agent to remove the Smart TV from his residence. On December 1, 2023, the undersigned officer assisted Mr. Jewell-Reigel in removing the Smart TV from his residence.

| | |
|---|---|
| Special Condition No. 16: | "As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations, which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer, and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider." |

On December 14, 2023, Mr. Jewell-Reigel failed to attend his required weekly group sex offender treatment session at Henger Enterprises in Wausau.

| | |
|---|---|
| Special Condition No. 17: | "Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services." |
| Special Condition No. 19: | "Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registry agency in which he resides, works, is a student, or was convicted of a qualifying offense." |

On December 12, 2023, Mr. Jewell-Reigel's state agent contacted the undersigned officer to advise that he had just received a call from the father of a 13-year-old female. The caller informed the state agent that Mr. Jewell-Reigel had been texting the caller's 13-year-old daughter and had asked the minor to join his band. The father had not seen the text messages but reported that his daughter still had the messages on her phone. The caller agreed to report to the state agent's office on December 13, 2023, to provide a statement and release the text messages to the state agent.

On December 13, 2023, Mr. Jewell-Reigel and his parents were on their way to report to the state agent's office. While in transit to the office, Mr. Jewell-Reigel cut off his GPS device, exited his parents' vehicle, and fled. His parents informed the state agent that Mr. Jewell-Reigel told them that he was leaving and would die at the hands of police. Mr. Jewell-Reigel's parents gave his cell phone to the state agent. On December 14, 2023, the state agent informed the undersigned officer that Mr. Jewell-Reigel had absconded. The undersigned officer called Mr. Jewell-Reigel's parents and grandmother; however, the calls went unanswered. Mr. Jewell-Reigel's activities and whereabouts are unknown as of this time. On December 19, 2023, the undersigned officer contacted the Sex Offender Registry Program to confirm the agency knew that Mr. Jewell-Reigel had absconded.

**State Supervision History:** In addition to his term of federal supervised release, Mr. Jewell-Reigel is serving a term of extended supervision with the WDOC. Mr. Jewell-Reigel was initially under WDOC probation for battery in Marathon County, Wisconsin, Circuit Court Case No. 16CF578; however, his state probation was revoked in August 2017 after his state agent confirmed he was having inappropriate contact with a minor. In addition to being revoked for this conduct in Case No. 16CF578, he was charged with disorderly conduct and second-degree sexual assault of a child in Marathon County Circuit Court Case No. 17CF779. He was sentenced to a one-year term of probation for the disorderly conduct charge and received deferred prosecution for the second-degree sexual assault charge. In 2018, Mr. Jewell-Reigel engaged in criminal conduct that resulted in his federal conviction. Consequently, his state probation and deferred prosecution agreement were revoked on July 3, 2019. Mr. Jewell-Reigel was ordered to serve 90 days' jail for the revocation of the one-year term of probation for the disorderly conduct conviction and ordered to serve 5 years' imprisonment and 8 years' extended supervision for violating the deferred prosecution agreement for the second-degree sexual assault of a child conviction.

**Adjustment to Supervision:** On May 30, 2023, Mr. Jewell-Reigel began his term of federal supervised release. He initially resided at a WDOC Transitional Living Placement (TLP) home in Wausau. On July 29, 2023, after failing to secure a personal residence in the time allotted by the WDOC, he was instructed to move out of the TLP. From the end of July 2023 until September 29, 2023, Mr. Jewell-Reigel stayed either with his parents in Rothschild,

Wisconsin, or with his grandmother in Wausau. On September 29, 2023, he obtained an apartment in Wausau.

Mr. Jewell-Reigel was employed full-time in a second shift position as a laborer at Crystal Finishing Systems in Wausau. In addition to the employment at Crystal Finishing Systems, Mr. Jewell-Reigel obtained part-time employment at the Sportsman's Warehouse in Wausau in mid-November 2023. On December 18, 2023, the undersigned officer contacted Sportsman's Warehouse and Crystal Finishing Systems to inquire about the status of his employment. The Sportsman's Warehouse manager reported that Mr. Jewell-Reigel's part-time employment was terminated on December 16, 2023, after he failed to call in or show up for work on two occasions. Mr. Jewell-Reigel never reported this change in employment to the undersigned officer. Additionally, Mr. Jewell-Reigel's supervisor at Crystal Finishing Systems reported that he failed to report to his shift that day and that he would be terminated on December 21, 2023, if he failed to report for his two other shifts.

On July 11, 2023, during a meeting with the undersigned officer, Mr. Jewell-Reigel reported experiencing symptoms of depression. The undersigned officer discussed mental health treatment options with him, and he advised he was amenable to participating in mental health treatment. During a subsequent meeting, the undersigned officer provided Mr. Jewell-Reigel with a Probation Form 49, consenting to allow the Court to modify his conditions of supervised release to include mental health treatment. However, Mr. Jewell-Reigel advised that he had already enrolled in mental health treatment with the Centre for Well-Being and was meeting with a therapist biweekly. During a meeting with the undersigned officer on December 1, 2023, Mr. Jewell-Reigel reported he had discontinued mental health treatment after three sessions at the Centre for Well-Being because he did not find treatment beneficial and because the $25 copayment was cost prohibitive.

Mr. Jewell-Reigel has been enrolled in sex offender treatment (SOT) services through the WDOC. He attended weekly group treatment with Angela Okon and Dena Faust of Henger Enterprises. It is noted that Ms. Faust and Ms. Okon also provide sex offender treatment (SOT) services for federal clients convicted of sex offenses in the Wausau area. A federal referral for an updated psychosexual evaluation was sent to Ms. Faust in September 2023. She informed the undersigned officer that the SOT evaluation that Mr. Jewell-Reigel completed for WDOC SOT services on September 17, 2019, was current and accurate, and that a second evaluation was not needed for federal SOT. The WDOC sex offender treatment evaluation was completed by Brianna M. Bartels-Rohrbeck, Ph.D. and Michelle H. Nagle, a licensed psychologist. As part of that evaluation, a STATIC-99R assessment was completed. The STATIC-99R, an actuarial risk prediction instrument designed to estimate the probability of sexual recidivism, assessed Mr. Jewell-Reigel as scoring a "9," which is in the high-risk range. His STABLE-2007, which measures 13 risk factors relevant for the treatment and supervision of adult males convicted of a sexually motivated offense, was not scored; however, the evaluators anticipated that his STABLE-2007 score would be assessed at 7 or higher, which would place Mr. Jewell-Reigel's risk for re-offending sexually in the well-above average range.

On November 2, 2023, the undersigned officer discussed Mr. Jewell-Reigel's progress and participation in SOT with his treatment provider, Ms. Okon. His provider noted that Mr. Jewell-Reigel had serious boundary issues and that he accused her of being racist. She reported he was using the SOT group more for mental health therapy than SOT. She also noted that he had trouble relating to others in the group, which she theorized may have been due to his young age compared to other participants.

On November 30, 2023, Mr. Jewell-Reigel's state agent informed the undersigned officer that Mr. Jewell-Reigel had been sleeping during group SOT. Mr. Jewell-Reigel denied sleeping during SOT and reported to his state agent that he did not believe that SOT was valuable to him. The undersigned officer addressed these comments with Mr. Jewell-Reigel during a meeting on December 1, 2023. He again denied sleeping during group SOT, explaining that he was resting his eyes. The undersigned officer reviewed the purpose and benefits of SOT with Mr. Jewell-Reigel. He agreed to continue to attend group SOT but reiterated that SOT was not beneficial for him. Mr. Jewell-Reigel was encouraged to recognize and reflect on the choices he made that resulted in his conviction. The undersigned officer reminded Mr. Jewell-Reigel that his cooperation and engagement with SOT would determine the course of

his supervised release period.

Mr. Jewell-Reigel has not yet participated in a polygraph examination with a federal provider. On November 11, 2023, he did participate in a maintenance polygraph examination with Veridicus, Inc., as a condition of his WDOC supervision. Mr. Jewell-Reigel did not have responses indicative of deception on the exam.

**Probation Officer's Recommendation:** It is respectfully recommended that a warrant be issued to return Mr. Jewell-Reigel to court to show cause why his term of supervised release should not be revoked.

U.S. Attorney Timothy O'Shea has been notified of this recommendation.

**Penalties:** Pursuant to 18 U.S.C. § 3583(e)(3), if the term of supervised release is revoked, the statutory maximum term of imprisonment is 24 months because the offense of conviction is a Class C felony.

The most serious alleged violation, at this time, is classified as a Grade C violation, pursuant to USSG §7B1.1(a)(3). A Grade C violation coupled with Criminal History Category III results in an advisory guideline imprisonment range of 5 to 11 months, if the term of supervised release is revoked.

Pursuant to 18 U.S.C. §§ 3583(h) and (k), another term of supervised release is authorized to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is life.

**Standard Conditions**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.,* 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on March 7, 2019, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Jewell-Reigel.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG § 5B1.3(b)(1)(A), (C), (D) and |

| | | |
|---|---|---|
| | | (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § |

| | | |
|---|---|---|
| | | 5D1.3(b)(1)(A), (B) and (C). |
| 7) | Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
| 8) | Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame. | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |
| 12) | Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon. | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer. 18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

**Special Conditions**

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns. | Recommended due to the need to monitor the defendant's financial records and credit cards for purchases of computer equipment, internet services, and illicit materials and to evaluate his capability to contribute toward the payment of treatment costs. |
| 14) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | Recommended based on the nature of the offense of conviction, his noncompliance while on supervised release, the need to protect the public from further criminal activity perpetrated by defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 15) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Recommended based on defendant's self-reported mental health concerns, including seeking counseling during supervised release, as well as his threats of committing suicide by law enforcement. |
| 16) Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services. | Recommended based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history, his previous illegal misuse of electronics and communications devices, and his sexual preoccupation toward minors. |

| | | |
|---|---|---|
| 17) | Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. Probation Officer. | Recommended based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history and sexual preoccupation toward minors. |
| 18) | Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense. | Recommended based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws. |
| 19) | As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider. | Recommended based on the offense of conviction, his prior criminal record that includes multiple sex offense convictions, the need to protect the public from further criminal activity, to monitor compliance during his supervised release, and to assist in sex offender treatment. |
| 20) | Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including | Recommended based on the defendant's instant offense, his possession of unapproved IT devices on supervised release, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending |

| | | |
|---|---|---|
| | but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. | |
| 21) | **Not possess any depictions of sexually explicit condition of minors as defined in 18 U.S.C. § 2256 (8).** | Recommended based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history. |
| 22) | **Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor.** | Recommended based on the offense of conviction involving a sex offense and to verify defendant meets the requirements under the Sex Offender Registration Notification Act. |

### Mandatory Conditions - 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. (The Court determined defendant was not subject to drug testing according to 18 U.S.C. § 3583(d) at the time of the original sentencing because he had no drug use history and the instant offense was not drug related. There is no information to the contrary in this petition.)

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if he has not done so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2023

/s/

Melissa R. Lach
Sr. U.S. Probation Officer

THE COURT ORDERS:

☒ The issuance of a warrant. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST, WITH THE EXCEPTION THAT IT MAY BE DISSEMINATED TO LAW ENFORCEMENT.

☐ The issuance of a summons.

☒ The appointment of counsel upon arrest if defendant demonstrates he is indigent.

☐ Other:

_____ for
Honorable James D. Peterson
U.S. District Judge

12/22/2023
Date