IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

       v.                                18-cr-146-jdp-1

PETER JEWELL-REIGEL,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Peter Jewell-Riegel's supervised release was held on July 24, 2024, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel Joseph Bugni. Also present was U.S. Probation Officer Melissa Lach.

From the record and defendant's stipulation I find the following facts.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 7, 2019, following his conviction for receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) & (b)(1). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 60 months, with an 8-year term of supervised release to follow.

Defendant began his term of supervised release on May 30, 2023, in the Western District of Wisconsin.

Defendant violated the mandatory condition of supervised release prohibiting him from committing another federal, state, or local crime. On December 20, 2023, he knowingly refused, resisted, or obstructed the installation of a global positioning system tracking device without the authorization of the Wisconsin Department of Corrections (WDOC). That conduct has been charged in Marathon County Circuit Court; however, no proceedings have been scheduled. For purposes of this hearing, defendant does not dispute that charge.

Defendant violated Special Condition No. 17 prohibiting him from meeting or spending time with any person under the age of 18 or having verbal, written, telephonic or electronic communication with any such person, except with the expressed permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. On December 13, 2023, M.L. (a 13-year-old female) and her father met with WDOC probation and parole agents to report defendant's unauthorized contact with M.L. and to provide a victim statement. Specifically, M.L. reported that she met defendant outside of a business in Wausau, Wisconsin, on December 7, 2023, when he approached her and initiated a conversation. M.L. reported they began messaging and calling each other, and she told him she was 13 years old on the first or second day they met. Defendant met with M.L. in person again on December 8, 10, and 11, 2023, and one of these meetings took place at defendant's apartment. All contacts with M.L. were prohibited.

Defendant violated Standard Condition No. 1 prohibiting him from knowingly leaving the judicial district in which he was being supervised without the permission of the Court or probation officer. On December 14, 2023, the federal probation officer received information from defendant's WDOC probation agent that defendant had cut off his GPS device (a

requirement of the Wisconsin Sex Offender Registry Program) and absconded from state supervision. Defendant's whereabouts were unknown until January 12, 2024, when he was arrested by the Harris County, Texas, Sheriff's Office - Special Weapons and Tactics Unit in Houston. No charges in Texas were filed as a result of the arrest incident; however, defendant failed to comply with law enforcement directives, brandished a knife, and told law enforcement they would have to kill him. He continued to attempt to evade arrest over a period of several hours, eventually requiring law enforcement to deploy non-lethal rounds that caused defendant to fall forward, at which time deputies were able to arrest him.

Defendant violated Standard Condition No. 4 requiring him to notify the probation officer within seventy-two hours of any change in residence, employer, or change in job classification. On December 18, 2023, his probation officer contacted his place of part-time employment, Sportsman's Warehouse, in Wausau, and was advised by Sportsman's Warehouse staff that defendant's employment was terminated on December 16, 2023, after he failed to show or call in for a second shift. Defendant did not notify his probation officer of his change in employment status as required.

Defendant violated Special Condition No. 14 requiring him to provide his supervising probation officer advanced notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store communicate, or disseminate information used by the defendant. On November 29, 2023, he purchased a Sony Smart television at Best Buy in Wausau without the prior permission of his probation officer.

Defendant violated Special Condition No. 16 requiring him to participate in an

3

outpatient sex offender counseling program when he failed to attend his required weekly group sex offender treatment session at Henger Enterprises in Wausau after absconding.

Defendant violated Special Condition No. 19 requiring him to comply with the Sex Offender Registration and Notification Act (42 U.S.C. §16901., et seq.) as directed by his probation officer, the Bureau of Prisons, or any state sex offender registry agency where he resides, works, is a student, or was convicted of a qualifying offense. On December 13, 2024, while with his parents in transit to his state agent's office, defendant cut off his GPS device, exited his parents' vehicle, and absconded from supervision.

## CONCLUSIONS

Defendant's violations warrant revocation.

Defendant's criminal history category is III. The most serious violation is a Grade B violation in accordance with the policy at USSG §7B1.1, Application Note 1. When defendant absconded, he was able to elude arrest in Wisconsin, due in part to disrupting his GPS monitoring requirements with the State of Wisconsin. That conduct constitutes a Grade B violation. With a Grade B violation, defendant has an advisory guideline range of imprisonment of 8 to 14 months. A Grade C violation would have an advisory guideline range of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class C felony. Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I am persuaded that a sentence of 14 months, the top of the guideline range, is

4

reasonable and no greater than necessary to achieve the statutory purposes of sentencing upon revocation. The intent of this sentence is to address the risk defendant poses to the community and to impress upon defendant that his original offense, coupled with the his varied and serious violations, suggests he has not attempted to make the changes necessary to promote lawful self-management. The sentence will serve to hold defendant accountable for his violations, promote respect for the law, deter him from future reoffending, and protect the public from further crimes. It will also afford defendant with opportunities for continued rehabilitative and correctional programming while he is incarcerated and while he is reintegrating back into the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 7, 2019, is REVOKED. Defendant is committed to the custody of the Bureau of Prisons for a term of 14 months. He shall remain in the custody of the U.S. Marshals Service to begin service of his sentence. I will stand silent on how the revocation sentence should run with any sentence in the pending Marathon County, Wisconsin, Circuit Court case.

A 20-year period of supervised release shall follow. Defendant's poor adjustment to supervision reflects that he will require long-term assistance transitioning back into the community following the term of imprisonment. A term of supervised release is warranted to address the risks and needs present in this case. The standard and special conditions below, in addition to the mandatory conditions of supervised release, are reasonably related to the offense of conviction as well as the personal history and characteristics of defendant.


## Mandatory Conditions - 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. § 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405, if this requirement has not been met.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG § 5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG § 5D1.3(b)(1)(B), (C), (D) and (b)(2). |

| | | |
|---|---|---|
| | right to remain silent. | |
| 3) | Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(C), (D) and (E); USSG § 5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(D) and (b)(2); USSG § 5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B) and (C). |

7

| 7) | Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity. | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(B), (C) and (D); USSG § 5D1.3(b)(1)(B) and (C). |
|---|---|---|
| 8) | Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG § 5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 11) | Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |

8

| | | |
|---|---|---|
| | different time frame. | |
| 12) | Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon. | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

## Special Conditions

The following special conditions, in addition to the mandatory conditions, are imposed as justified.

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 13) | Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns. | Ordered due to the need to monitor the defendant's financial records and credit cards for purchases of computer equipment, internet services, and illicit materials and to evaluate his capability to contribute toward the payment of treatment costs. |
| 14) | Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | Ordered based on the nature of the offense of conviction, his noncompliance while on supervised release, the need to protect the public from further criminal activity perpetrated by defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 15) | Participate in mental health referral, | Ordered based on defendant's self-reported mental |

9

|  | | |
|---|---|---|
|  | assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | health concerns, including seeking counseling during supervised release, as well as his threats of committing suicide by law enforcement. |
| 16) | Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services. | Ordered based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history, his previous illegal misuse of electronics and communications devices, and his sexual preoccupation toward minors. |
| 17) | Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. Probation Officer. | Ordered based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history and sexual preoccupation toward minors. |
| 18) | Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense. | Ordereded based on the offense of conviction and the need to monitor defendant's compliance with local, state, and federal laws. |
| 19) | As approved by the supervising U.S. | Ordered based on the offense of conviction, his |

10

| | | |
|---|---|---|
| | Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider. | prior criminal record that includes multiple sex offense convictions, the need to protect the public from further criminal activity, to monitor compliance during his supervised release, and to assist in sex offender treatment. |
| 20) | Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or | Ordered based on the defendant's instant offense, his possession of unapproved IT devices on supervised release, and to assist in identifying and addressing defendant's acute and stable dynamic risk factors for re-offending |

11

| | | |
|---|---|---|
| | circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination. | |
| 21) | Not possess any depictions of sexually explicit condition of minors as defined in 18 U.S.C. § 2256 (8). | Ordered based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history. |
| 22) | Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor. | Ordered based on the offense of conviction involving a sex offense and to verify defendant meets the requirements under the Sex Offender Registration Notification Act. |

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered July 30, 2024.

BY THE COURT:

/s/James D. Peterson
James D. Peterson
U.S. District Judge

12